Slip Op. 06-14

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                      :

HENRY H. WOOTEN, III           :
                                        :

        Plaintiff,           :
                                        :      Before:      WALLACH, Judge

        v.                :      Court No.:    05-00208
                                          :

UNITED STATES, SECRETARY OF  :
AGRICULTURE,            :
                                        :

        Defendant.       :

_____:

[Plaintiff's Motion to Supplement the Record is Granted]

Dated: January 25**,** 2006

Miller & Chevalier Chartered, (Myles S. Getlan, and Daniel P. Wendt) for Plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Patricia M. McCarthy, Assistant Director; Delfa Castillo, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; and Jeffrey Kahn, Attorney-Advisor, Office of the General Counsel, International Affairs & Commodity Programs Division, U.S. Department of Agriculture, of Counsel, for Defendant.

**<u>OPINION</u>**

**Wallach, Judge:**

**I**
**Introduction**

This matter comes before the court following Plaintiff's Motion to Supplement the Record ("Plaintiff's Motion") filed on October 14, 2005. Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Supplement the Record ("Defendant's Opposition") on November 4, 2005. For the reasons set forth below, Plaintiff's Motion is granted. This court has

jurisdiction pursuant to 19 U.S.C. § 2395 (2004).

## II
## Background

Plaintiff is challenging the U.S. Department of Agriculture's ("Defendant" or "Agriculture") denial of TAA cash benefits regarding his catfish crop for the year 2002. This Motion to Supplement the Record arises from Plaintiff's challenge to Defendant's original determination of eligibility for TAA benefits.

Upon commencement of this matter, Defendant filed with the court the administrative record of the case. The administrative record was amended and certified on September 1, 2005.

## III
## Arguments

Plaintiff requests the court's permission to supplement the record on the grounds that Plaintiff was not notified of the deficiency concerning documentation demonstrating that his net farm income was lower in 2002 than in 2001 until his application for TAA benefits was rejected. Plaintiff asserts that if the Defendant had requested this information prior to making its determination, Plaintiff would have provided the documentation voluntarily and the record would have been complete prior to Defendant's denial of benefits. As a result, Plaintiff wishes to supplement the record with Schedules F from his 2001 and 2002 income tax return because (1) the record is inadequate; and (2) Agriculture has not met the threshold requirement of making a reasonable inquiry in making its decision.

Defendant argues that Plaintiff failed to provide documentation certifying that his net farm income for 2002 was less than 2001 in accordance with Agriculture's deadlines and that this information was therefore not considered by Defendant in making its original determination.

2

Defendant further argues that none of the documents attached to Plaintiff's Motion was before the agency when it made its TAA denial decision and therefore should not be considered by the court in this matter.

**IV**
**Applicable Legal Standard**

This court has jurisdiction to affirm or remand the actions of the Secretary of Agriculture "in whole or in part." 19 U.S.C. § 2395(c) (2004). The Department of Agriculture's determination regarding certification of eligibility for TAA will be upheld if it is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 2395(b); Former Employees of Swiss Indus. Abrasives v. United States, 17 CIT 945, 947, 830 F. Supp. 637, 639 (1993). The scope of review of the agency's actions is limited to the administrative record. Defenders of Wildlife v. Hogarth, 177 F. Supp. 2d 1336, 1342-43. In addition, the Administrative Procedures Act ("APA") provides that agency determinations shall be held invalid if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706 (2004).

**V**
**Discussion**

**A**
**Plaintiff's Motion to Supplement the Record is Reasonable and Required Under the Law**

Plaintiff argues that he was never notified by Defendant that he had failed to attach Schedules F from his 2001 and 2002 tax returns. Plaintiff's Motion at 4. Plaintiff asserts that the administrative record in this case is deficient because it did not contain his Schedules F and that Agriculture did not make a reasonable inquiry into his eligibility because it failed to notify

3

Plaintiff of this deficiency. Id. at 5.  Plaintiff contends that because the most relevant issue in this matter is whether or not Plaintiff's net farm income in 2002 was less than 2001, the absence of Schedules F from the administrative record is critical in the agency's determination. Id.  Plaintiff also argues that Agriculture's failure to request this critical information does not meet the reasonable inquiry threshold in administrative decisions and therefore its Motion to Supplement the Record should be granted. Id. at 5-6 (citing Trinh v. United States Sec'y of Agriculture, 395 F. Supp. 2d 1259 (CIT 2005) (quoting Former Employees of Sun Apparel of Texas v. United States Sec'y of Labor, Slip Op. 04-106 at 25, 2004 Ct. Int'l Trade LEXIS 105 (CIT Aug. 20, 2004))).

Defendant argues that Plaintiff was required to timely submit documentation verifying that his net farm income was less in 2002 than in 2001 and he failed to provide the Schedules F at the time he certified his application. Defendant's Opposition at 7.  Defendant asserts that supplementation of the administrative record is only allowed when there is a "'reasonable basis' to believe that the agency's record is materially incomplete" which it says is not the case here. Id. Defendant further asserts that since Mr. Wooten signed and certified his application, he understood that his approval for benefits was contingent upon Agriculture receiving supporting documentation, and that he failed to contact Agriculture or provide the requisite information in a timely manner resulting in the denial of TAA benefits. Id. at 11.  Defendant argues that its denial of Mr. Wooten's application was not a result of the administrative record being incomplete, but rather that it was based on Plaintiff's failure to demonstrate that his net farm income declined between 2001 and 2002. Id. at 14.  Accordingly, Defendant contends that Plaintiff's Motion should be denied as the record is complete and Plaintiff has not demonstrated any need to re-

open it. Id.

The Department of Agriculture has discretion in conducting its investigations of TAA claims. This discretion, however, is prefaced by the existence of "a threshold requirement of reasonable inquiry" and investigations which fall below this "cannot constitute substantial evidence upon which a determination can be affirmed." Former Employees of Sun Apparel of Texas v. United States Sec'y of Labor, Slip Op. 04-106 at 15. In making its determination, the court must sustain Agriculture's decisions as long as it is "reasonable and supported by the record as a whole." See Hyundai Elecs. Co. Ltd. v. United States, 23 CIT 302, 206, 53 F. Supp. 2d 1334, 1338 (1999). The record as a whole consists of the administrative record before the court. See 28 U.S.C. § 2640(c) (2004). Nevertheless, the court will not and "cannot uphold a determination based upon manifest inaccuracy or incompleteness of record when relevant to a determination of fact." Former Employees of Pittsburgh Logistics Sys. Inc. v. United States Sec'y of Labor, 2002 CIT 21, 32-33 (CIT 2003). If the court determines that the Defendant did not meet the threshold requirement of a reasonable inquiry, the court, for good cause shown, may remand the case to Agriculture to take further action. 19 U.S.C. § 2395(b). Good cause exists "if [Agriculture's] chosen methodology is so marred that [its] finding is arbitrary or of such a nature that it could not be based on substantial evidence." Former Employees of Galey & Lord Indus. v. Chao, 26 CIT 806, 809, 219 F. Supp. 2d 1283, 1286 (CIT 2002) (citing Former Employees of Barry Callebaut v. United States, 177 F. Supp. 2d 1304, 1308 (2001) (citing Former Employees of Linden Apparel Corp. v. United States, 13 CIT 467, 469, 715 F. Supp. 378, 381 (1989) (quoting United Glass & Ceramic Workers of North America, AFL-CIO v. Marshall, 189 U.S. App. D.C. 240, 584 F. 2d 398, 405 (D.C. Cir. 1978))).

5

Agriculture in TAA cases bases its determination of eligibility on whether or not the applicant's net farm income declined between two comparable years. In this case, the Plaintiff needed to demonstrate whether his net farm income declined from 2001 to 2002 and to provide proof of this decline, Agriculture needed certified information such as the Plaintiff's tax records. Agriculture failed to examine Plaintiff's complete tax returns including the Schedules F and also failed to notify Plaintiff of the absence of those documents in the record in a timely manner. Plaintiff wishes to have the record complete so that his application may be properly examined and considered. Defendant has failed to meet the threshold of reasonable inquiry by not investigating beyond Mr. Wooten's application, not notifying Mr. Wooten of the absence of critical information, and ignoring his attempts to provide notice of these discrepancies upon appeal. As a result, Agriculture's final TAA determination relied solely on the original TAA application with no evidence of any investigation or analysis to substantiate Plaintiff's claim. Agriculture's inaction demonstrates that it was uninterested in determining the actual facts of this case. That lack of institutional interest did not meet the reasonable inquiry threshold.

**V**

**Conclusion**

For the reasons stated above, Plaintiff's Motion is granted.


_____/s/Evan J. Wallach_____
Evan J. Wallach, Judge


Date:   January 25, 2006
        New York, New York

6