Slip Op. 06-60

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                :
ABRAM K. ANDERSON                               :
                                                :
            Plaintiff,                          :
                                                :       Before:      WALLACH, Judge
      v.                                        :       Court No.:   04-00655
                                                :
UNITED STATES, SECRETARY OF                     :
AGRICULTURE,                                    :
                                                :
            Defendant.                          :
                                                :
_____ :

[Plaintiff's Motion to Supplement the Record Or, In The Alternative To Excise Documentation
from the Record is Denied and this Matter is Remanded for Action Consistent with this
Opinion.]

                                                        Dated: April 28, 2006

Collier, Shannon, Scott, PLLC, (Robin H. Gilbert and Paul C. Rosenthal) for Plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Patricia M. McCarthy,
Assistant Director; Delfa Castillo, Trial Attorney, U.S. Department of Justice, Civil Division,
Commercial Litigation Branch; and Jeffrey Kahn, Attorney-Advisor, Office of the General
Counsel, International Affairs & Commodity Programs Division, U.S. Department of
Agriculture, of Counsel, for Defendant.


                                       **OPINION**

**Wallach, Judge:**

                                            **I**
                                     **Introduction**

      This matter comes before the court following Plaintiff's Motion to Supplement the

Record or, in the Alternative to Excise Documentation from the Record ("Plaintiff's Motion")

filed on October 11, 2005.  Defendant filed its Memorandum in Opposition to Plaintiff's Motion

to Supplement the Record or, in the Alternative, to Excise Documentation from the Record ("Defendant's Opposition") on October 31, 2005. For the reasons set forth below, Plaintiff's Motion is denied and this matter is remanded to Defendant to re-open the record and admit evidence sufficient to determine whether Plaintiff is eligible to receive Trade Adjustment Assistance ("TAA") benefits. This court has jurisdiction pursuant to 19 U.S.C. § 2395 (2004).

## II
## Background

Plaintiff is challenging the U.S. Department of Agriculture's ("Defendant" or "Agriculture") denial of TAA cash benefits regarding his Alaskan salmon crop for the year 2002. This Motion to Supplement the Record arises from Plaintiff's challenge to Defendant's original denial of Plaintiff's eligibility for TAA benefits.

## III
## Arguments

Plaintiff, under Rule 56.1, filed its Motion to Supplement the Record on the grounds that Plaintiff discovered, after receipt of the administrative record, certain erroneous statements in an e-mail which resulted in the denial of Plaintiff's application for TAA benefits. Plaintiff asserts that he had no knowledge of these errors until the administrative record was filed in this matter and had no prior opportunity to correct these errors. As a result, Plaintiff wishes to supplement the record with a declaration stating his own firsthand knowledge of the contents of the conversation described in the record e-mail. In the alternative, Plaintiff wishes to strike from the record any references to the statement in the e-mail regarding Defendant's conversation with Mr. Anderson.

Defendant opposes Plaintiff's motion on the grounds that it is unsupported by any legal

2

authority or precedent. Furthermore, Defendant contends that the administrative record is complete and sufficient for the court to determine whether Plaintiff qualifies for TAA cash benefits. Defendant argues that Plaintiff had not submitted documentation to verify his net fishing income and his technical service certification form in a timely manner and therefore Defendant denied his application for benefits. Accordingly, Defendant argues that since Plaintiff failed to provide this documentation, he may not now supplement the record.

**IV**
**Applicable Legal Standard**

This court has jurisdiction to affirm or remand the actions of the Secretary of Agriculture "in whole or in part." 19 U.S.C. § 2395(c) (2004). The Department of Agriculture's determination regarding certification of eligibility for TAA will be upheld if it is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 2395(b); Former Employees of Swiss Indus. Abrasives v. United States, 17 CIT 945, 947, 830 F. Supp. 637, 639 (1993). The scope of review of the agency's actions is limited to the administrative record. Defenders of Wildlife v. Hogarth, 25 CIT 1309, 1315, 177 F. Supp. 2d 1336, 1343. In addition, the Administrative Procedures Act ("APA") provides that agency determinations shall be held invalid if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A)(2004).

**V**
**Discussion**

**A**
**Defendant's Determination that Plaintiff is Ineligible for TAA Benefits is Not Supported by Substantial Evidence on the Record**

Plaintiff moves to supplement the record in this matter via a declaration to clarify certain

allegedly erroneous statements in Defendant's notes in the administrative record. Plaintiff's Motion at 1. Plaintiff contends that a December 7, 2004, e-mail memorializing a telephone conversation between a U.S. Department of Agriculture ("USDA") employee and Mr. Anderson is hearsay. Id. at 2. Specifically, Plaintiff wants to challenge the statement that he "'indicated that his wife faxed the information, then sort of backtracked and said he had the AD-1026 and CCC-502 completed and in his hands.'" Id. Plaintiff seeks to clarify the record to dispel the conclusion that he did not complete the requisite supporting paperwork and offer proof that he had sent the documents to the agency because he had copies of the documents which were supposedly missing from the administrative record. Id. Plaintiff seeks to file this motion out of necessity because Defendant is questioning his honesty and truthfulness on the record and wishes to ensure that the integrity of the proceeding is preserved. Id.

Defendant objects to Plaintiff's Motion on the grounds that the administrative record is complete and sufficient for the court to determine whether or not the Plaintiff's TAA application was properly reviewed and considered by the Department of Agriculture. Defendant's Opposition at 1-2. Defendant contends that Plaintiff was sent a deficiency letter and that his TAA application was placed on hold pending receipt of the supporting income documentation. Id. at 3. Defendant claims that the Plaintiff was notified of this deficiency, that he failed to submit the documents, and thus did not satisfy the requirements of 19 U.S.C. § 2401e(a)(1)(C) or 7 C.F.R. § 1580.301(e)(1) & (4). Id. at 5.

Defendant argues that supplementation of the record is only permissible when there is a reasonable basis to believe that the record is materially incomplete. Defendant's Opposition at 5-6. Defendant contends that the court does not have the power to supplement the record at this

stage, but that it must remand the matter to the agency to develop the record further if it finds that the administrative record is insufficient. Id. at 6 (citing Florida Power and Light Co. v. Lorion et al., 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L.Ed. 2d 643 (1985)). Defendant further claims that Plaintiff's assertions regarding the disputed e-mail are mischaracterizations. Id. at 7. Defendant asserts that the documents in question were not filed by Plaintiff initially, therefore there is no basis to re-open the record to admit them now. Id. at 7-8. Finally, Defendant argues that Plaintiff not only failed to submit the requisite documentation, he also failed to apprise Defendant about his address changes, and failed to contact Farm Service Agency ("FSA") to inquire about the status of his application. Id. at 11. For these reasons, Defendant asserts that Plaintiff's Motion should be denied.

The Department of Agriculture's discretion in conducting its investigations of TAA claims is prefaced by the existence of "a threshold requirement of reasonable inquiry" and investigations which fall below this "cannot constitute substantial evidence upon which a determination can be affirmed." Former Employees of Sun Apparel of Texas v. United States Sec'y of Labor, Slip Op. 04-106 at 15, 2004 Ct. Int'l Trade LEXIS 105 (August 20, 2004). In making its determination, the court must sustain Agriculture's decisions as long as it is "reasonable and supported by the record as a whole." See Hyundai Elecs. Co. Ltd. v. United States, 23 CIT 302, 306, 53 F. Supp. 2d 1334 (1999). Nevertheless, the court will not and "cannot uphold a determination based upon manifest inaccuracy or incompleteness of record when relevant to a determination of fact." Former Employees of Pittsburgh Logistics Sys. Inc. v. United States Sec'y of Labor, 2002 CIT 21, 32-33 (CIT 2003); see also 28 U.S.C. § 2640(c) (2004). If the court determines that Defendant did not meet the threshold requirement of a

5

reasonable inquiry, it may, for good cause shown, remand the case to Agriculture to take further action. 19 U.S.C. § 2395(b).  Good cause exists "if [Agriculture's] chosen methodology is so marred that [its] finding is arbitrary or of such a nature that it could not be based on substantial evidence." Former Employees of Galey & Lord Indus. v. Chao, 26 CIT 806, 809, 219 F. Supp. 2d 1283, 1286 (2002) (citing Former Employees of Barry Callebaut v. United States, 25 CIT 1226, 177 F. Supp. 2d 1304, 1308 (2001) (citing Former Employees of Linden Apparel Corp. v. United States, 13 CIT 467, 469, 715 F. Supp. 378 (1989) (quoting United Glass & Ceramic Workers of North America, AFL-CIO v. Marshall, 584 F. 2d 398, 405 (D.C. Cir. 1978)))).

In interpreting the TAA statute and accompanying regulations, the court has found that "it is evident that the law is and was intended to be remedial in nature . . . in the sense of providing assistance to displaced workers." Former Employees of Champion Aviation Prods. v. Herman, 23 CIT 349, 352 (1999).  Because of the remedial nature of the legislation, "[t]he trade adjustment assistance [TAA] statutes . . . are to be construed broadly to effectuate their intended purpose." Former Employees of Elec. Data Sys. Corp. v. United States, 350 F. Supp. 2d 1282, 1290 (internal quotations and citations omitted); see also Former Employees of Champion Aviation Prods., 23 CIT at 352; Gardner v. Brown, 5 F.3d 1456, 1463 (Fed. Cir. 1993).  The court has also held that strict "rigidity in implementation of the [TAA] statute would undermine the remedial nature of the Act," and is therefore "obliged to conduct [its] investigation with the utmost regard for the interests of the petitioning workers." Former Employees of Elec. Data Sys., 350 F. Supp. 2d at 1290; Former Employees of Oxford Auto. UAW Local 2088 v. United States Dep't of Labor, Slip Op. 03-129 at 14, 2003 Ct. Int'l Trade LEXIS 128 (CIT 2003)).

In TAA cases, Agriculture bases its determination of eligibility on whether or not the

applicant's net farm income declined between two comparable years. Here, Plaintiff was required to demonstrate whether his net farm income declined from 2001 to 2002 and to provide proof of any decline. Agriculture required certified information such as the Plaintiff's tax records and other supporting documentation in order to make its determination. Agriculture says it attempted to notify Plaintiff of the absence of critical documents in the record in a timely manner, but Plaintiff claims he did not receive this notification until the final decision was already made. Defendant's Opposition at 2; Declaration of Abram K. Anderson, dated June 27, 2005, at ¶ 9. Plaintiff wishes to clarify the record and ensure that his application is complete. For Agriculture to have properly examined and considered Plaintiff's application for benefits, Defendant must have on record the requisite supporting income documentation and training certification. See 19 U.S.C. § 2401e(a)(1)(C) and 7 C.F.R. §§ 1580.301(e)(4) & (6).

Defendant failed to meet the threshold of reasonable inquiry by not investigating the series of discrepancies in Mr. Anderson's application, not ensuring that Mr. Anderson was notified of the absence of critical information, and by ignoring his attempts to rectify these discrepancies during the administrative process. Declaration of Abram K. Anderson, dated June 27, 2005, at ¶¶ 5, 6, & 7. As a result, Agriculture's determination to deny Mr. Anderson's TAA benefits relied solely on the original TAA application with no evidence of any attempt at further investigation or analysis to substantiate Plaintiff's claim, and Agriculture did not meet the reasonable inquiry threshold.

Accordingly, this matter is remanded to Agriculture to (1) notify Plaintiff of any deficiencies in the record; (2) re-open the record and obtain all evidence reasonably necessary to ensure that its administrative record is complete and sufficient to make its determination of

7

eligibility; and (3) make its determination based upon substantial evidence and consistent with 19

U.S.C. § 2401e(a)(1)(C) and 7 C.F.R. § 1580.301(e)(1) & (4).

## V

### Conclusion

For the reasons stated above, Plaintiff's Motion to Supplement the Record is denied and

this matter is remanded to Agriculture for action consistent with this opinion.


_____/s/ Evan J. Wallach_____
Evan J. Wallach, Judge


Dated: April 28, 2006
New York, New York

8