**Slip Op. 06-183**

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
                                        :
LADY KIM T. INC.                        :
                                        :
                Plaintiff,              :    Court No. 05-00511
                                        :
        v.                              :
                                        :
UNITED STATES SECRETARY OF              :
AGRICULTURE                             :
                                        :
                Defendant.              :
_____:


**Held:** United States Department of Agriculture's final determination remanded for further consideration.


Neville Peterson, LLP, (Curtis Walter Knauss; Laura Martino) for Lady Kim T. Inc., Plaintiff.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Michael L. Dierberg); of counsel: Jeffrey Kahm, Office of the General Counsel, United States Department of Agriculture, for the United States Secretary of Agriculture, Defendant.


                                            December 15, 2006

## OPINION AND ORDER

This matter is before the Court on motion for judgment on the agency record brought by Plaintiff, Lady Kim T. Inc. ("Plaintiff" or "Lady Kim") pursuant to USCIT Rule 56.1. Plaintiff challenges the final determination of the Foreign Agricultural Service of the United States Department of Agriculture ("Defendant" or "the

Department") denying its application for trade adjustment assistance ("TAA") benefits.[1]  For the reasons set forth below, the Court remands this matter for further action in conformity with this opinion.

**JURISDICTION & STANDARD OF REVIEW**

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 2395(c) (2000) amended by 19 U.S.C. § 2395 (Supp. II 2002). The Court will uphold the Department's determination if its factual findings are supported by substantial record evidence.  See 19 U.S.C. § 2395; Cabana v. United States Sec'y of Agric., 30 CIT __, 427 F. Supp. 2d 1232 (2006).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The Court will uphold the Department's legal determinations if they are otherwise "in accordance with law."  See Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor, 28 CIT __, __, 350 F. Supp. 2d 1282, 1286 (2004); see also Trinh v. U.S. Sec'y of Agric., 29 CIT __, __, 395 F. Supp. 2d 1259, 1265 (2005) ("The court, in reviewing a challenge to one of Agriculture's determinations regarding

---

[1]    See Trade Adjustment Assistance Reform Act of 2002, Pub. L. No. 107-210, Title I, Subtitle C § 141, 116 Stat. 953 (2002); see also 19 U.S.C. § 2401 et seq.

eligibility for trade adjustment assistance, will uphold the challenged determination if the factual findings are supported by substantial evidence on the record and its legal determinations are otherwise in accordance with law.").

## BACKGROUND

On December 15, 2004, the Secretary certified a TAA petition filed by the Louisiana Shrimp Association and invited eligible shrimp farmers to apply for benefits. See Trade Adjustment Assistance for Farmers, 69 Fed. Reg. 77,708 (Dep't Agric. Dec. 15, 2004) (notice). Thereafter, Plaintiff, a Subchapter S Corporation, applied for TAA benefits for the 2003 marketing year. See Application for Trade Adjustment Assistance for Lady Kim T. Inc., (February 14, 2005) ("Application"), Administrative Record ("AR") 1. As part of its application, Plaintiff provided various business records, as well as copies of its 2002 and 2003 Internal Revenue Service ("IRS") Form 1120S income tax returns ("returns").[2]  See Pl. Submission, AR at 12-29. On Form 1120S, "Total Income (loss)" is reported on line 6. See Form 1120S, www.irs.gov (last visited

---

[2]     As a Subchapter S corporation, Lady Kim filed its tax returns using IRS Form 1120S. Form 1120S is entitled "U.S. Income Tax Return for an S Corporation." See Form 1120S, www.irs.gov (last visited December 15, 2006).

As directed by IRS Form 1120S, "Total Income (loss)" is calculated by adding "gross profit," "net gain (loss)" and "other income (loss)." See id. "Ordinary income (loss) from trade or business activities" is determined by subtracting "Total deductions" from "Total income." Id.

December 15, 2006). Line 6 appears in the section of the return entitled "Income." Id. "Ordinary income (loss) from trade or business activities" is reported on line 21, and appears in the section of Form 1120S labeled "Deductions." Id. On its 2002 return, Lady Kim reported a total income of $19,665 in line 6. See Br. Supp. Pl.'s Mot. J. Agency R. ("Pl.'s Br.") at 7. It reported an ordinary income of $-96,356 in line 21. See Def.'s Resp. Pl.'s Mot. J. Agency Rec. ("Def.'s Response") at 3. On its 2003 return, Plaintiff reported a total income of $3,037 on line 6, and an ordinary income of $-59,226 on line 21. See Pl.'s Br. at 8; Def.'s Resp. at 4. Lady Kim also certified that, based upon the documentation provided, its 2003 net fishing income declined from the petition's pre-adjustment year. See Application, AR 1; Form 1120S 2003 return, AR 12; Form 1120S 2002 return, AR 13.

The Department denied Lady Kim's application by letter dated July 6, 2005 ("final determination"). See Letter from Ronald Ford, Deputy Director, Import Policies and Program Division, Foreign Agricultural Services, United States Department of Agriculture, to Lady Kim T. Inc. (July 6, 2005), AR 58. The letter stated, in relevant part, that the USDA "reviewed the information that [Lady Kim] provided to the Farm Service Agency with [its] application and made a final determination that [Lady Kim is] ineligible for a cash payment. [Lady Kim has] been denied a TAA cash benefit because [its] net fishing income for 2003 was greater than [its] net fishing

income for 2002." See id. Plaintiff filed a timely appeal challenging the final determination with this Court.

Plaintiff sets forth several arguments in support of its appeal. Its primary contention, however, is that the Department's final determination is not supported by substantial record evidence.[3] See Pl.'s Br. at 5. Specifically, Plaintiff insists that the Department erred by not omitting depreciation from its calculation of net fishing income. Id. ("Agriculture's negative determination did not omit depreciation from its calculation of net farm income in contravention of the statute."). It maintains that an examination of line 6 of its proffered tax returns indicates that it experienced a reduction in net income from 2002 to 2003. This, it claims "fulfill[s] the intent of the statute and also make[s] plaintiff eligible for TAA benefits." Id. at 8. Plaintiff further argues that the controlling statute, here, 19 U.S.C. § 2401e(a)(1), directs that the Department make a determination as to net farm income and that nothing on the record "shows whether [the

---

[3] Plaintiff makes several ancillary arguments, none of which the Court need address to reach its conclusion. See e.g., Pl.'s Br. at 9 (arguing that "Agriculture's implicit inclusion of depreciation in its net income is not reasonable under the statute and GAAP [Generally Accepted Accounting Principles] because depreciation does not affect the vitality of plaintiff . . . ."); see also id. at 10 (quoting Selivanoff v. United States Sec'y of Agric., 30 CIT __, __, Slip. Op. 06-55 at 7 (Apr. 18, 2006) (not published in the Federal Supplement)) (reiterating the argument set forth in Selivanoff, regarding the Department's purported subdelegation of the determination of net farming income from itself to the IRS).

Department] undertook the required analysis[.]"  Id. at 11.  As a result, Plaintiff seeks remand.

Defendant disagrees, and argues that the denial of TAA benefits was both supported by substantial evidence and otherwise in accordance with law.  See Def.'s Resp. at 5.  It maintains that a comparison of line 21 of Plaintiff's 2002 and 2003 tax returns reflects that Plaintiff's net income did not decrease from 2002 to 2003.  Consequently, it contends that Plaintiff was not entitled to TAA benefits.  Id. at 7.  Defendant further responds that it "appropriately took into account depreciation and other expenses." Id.  Along these lines, Defendant argues that because § 2401e(a)(1) does not define the phrase net fishing income, Chevron deference to its regulations is warranted.  Id. at 8 ("Neither the statute nor the regulation compels the agency to define net income so as to exclude depreciation.  The statute does not define net income, but rather leaves the definition of net income to the discretion of the USDA.").  In response to Plaintiff's argument that the Department make a determination of net income, the Department contends that it is not obligated to perform "some sort of investigation or ad hoc analysis of" an applicant's finances.  Id. at 10 (citing Pl.'s Br. at 8).  As such, Defendant requests that the final determination be sustained.

**DISCUSSION**

**I.    Statutory and Regulatory Framework**

Following certification[4] by the Department, in order to be

eligible for TAA benefits a producer must meet certain criteria.

This criteria is set forth in 19 U.S.C. § 2401e(a), and is entitled

"Qualifying requirements for agricultural commodity producers." The

statute instructs, in relevant part, that, in general:

> Payment of a [sic] adjustment assistance
> under this part shall be made to an adversely
> affected agricultural commodity producer
> covered by a certification under this part .
> . . if the following conditions are met:
> . . .
>      (C) The producer's net farm income

---

[4]     A group of producers of a particular agricultural
commodity who feel that they have been adversely affected by imports
of certain agricultural products may file a petition with the
Secretary of Agriculture seeking certification of eligibility for
adjustment assistance. See 19 U.S.C. § 2401a(a).  The Secretary is
required to grant the petition if he determines:

> (1) that the national average price for the
> agricultural commodity . . . produced by the
> group for the most recent marketing year for
> which the national average price is available
> is less than 80 percent of the average of the
> national average price for such agricultural
> commodity . . . ; and

> (2) that the increase in imports of articles
> like  or  directly  competitive  with  the
> agricultural commodity . . . produced by the
> group contributed importantly to the decline in
> price described in paragraph (1).

19 U.S.C. § 2401a(c) (Supp. II 2002). See generally Steen v. United
States, 468 F.3d 1357, __, No. 06-1109, 2006 U.S. App. LEXIS 28675,
at *16-18 (Fed. Cir. Nov. 20, 2006) (detailing the workings of the
statutory TAA scheme).

> (as determined by the Secretary [of Agriculture]) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part.

§ 2401e(a)(1) (Supp. II 2002).  The statute, however, does not define the phrase "net farm income."  See Cabana, 30 CIT at __, 427 F. Supp. 2d at 1236.

In instances where Congress has "explicitly left a gap for the agency to fill," the agency's regulations are usually  "given controlling weight" and afforded considerable discretion.  Id. at 1235 (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984)).  The Secretary of Agriculture promulgated formal regulations implementing the statute and clarifying its application.  See Trade Assistance for Farmers, 68 Fed. Reg. 50,048 (Dep't Agric. Aug. 20, 2003) (final rule); 7 C.F.R. § 1580.102 (2006).  Therein, the Secretary explained that the statute applies not only to farmers but also to certain fisherman.  68 Fed. Reg. at 50,048.  In the instant matter, the relevant regulation is 7 C.F.R. § 1580.301  ("regulation").  Paralleling the language of the statute, the regulation requires a producer applying for TAA monetary benefits to certify, inter alia, that his "net farm or fishing income was less than that during the producer's pre-adjustment year."  § 1580.301(e)(4).  The regulation defines net fishing income as "net profit or loss . . . reported to the Internal

Revenue Service for the tax year that most closely corresponds with the marketing year under consideration." § 1580.102. In demonstrating its net income, the regulation permits a producer to submit "(i) [s]upporting documentation from a certified public accountant or attorney, or (ii) [r]elevant documentation and other supporting financial data, such as financial statements, balance sheets, and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency." § 1580.301(e)(6).

**II.  Pursuant to 19 U.S.C. § 2401e, the Department Shall Determine the Producer's Net Income and Explain the Basis for Its Determination**

For the reasons set forth below, the Court finds that the Department's final determination is not supported by substantial record evidence. The Court will only sustain a determination if it is reasonable and supported by the record as a whole, including whatever fairly detracts from the substantiality of the evidence. See Universal Camera Corp., 340 U.S. at 488. Because the record fails to support the final determination, this matter is remanded to the Department.

**A.    The Statute Requires that the Secretary "Determine" Net Income**

To qualify for TAA benefits, § 2401e(a)(1)(C) directs that a producer's net income be "determined" by the Secretary. See § 2401e(a)(1)(C). Indeed, "Congress [has] mandated that the Secretary determine net farm income, not merely determine the

meaning of net farm income; rote reliance upon a single line item 'reported to the Internal Revenue Service' without further analysis . . . will not suffice." Selivanoff v. United States Sec'y of Agric., 30 CIT __, __, Slip. Op. 06-55 at 7 (Apr. 18, 2006) (not published in the Federal Supplement)(emphasis is original).  The United States Court of Appeals for the Federal Circuit ("CAFC") concurred in dicta in Steen v. United States.  See Steen v. United States, 468 F.3d 1357, __, No. 06-1109, 2006 U.S. App. LEXIS 28675, at *16–18 (Fed. Cir. Nov. 20, 2006)  There, the CAFC indicated that "the regulations make it reasonably clear that the determination of net farm income or net fishing income is not to be made solely on the basis of tax return information if other information is relevant[5] to determining the producer's net income from all farming or fishing sources." Id. at *17.  The CAFC further explained that "the regulations are not solely and inflexibly linked to the producer's tax returns for this purpose." Id. at *18.

The caselaw of both the CAFC and this Court suggest that something more than simply looking, and citing to, a line on a tax return is necessary. See id.; Selivanoff, 30 CIT at __, Slip Op. 06-55 at 7.  Indeed, both Steen and Selivanoff seem to contemplate a certain level of analysis in order for the Secretary to make a

---

[5]     In the instant matter, the Court does not comment on the relevance of the additional information submitted by Plaintiff.  In reaching its final determination, it is the Department's role to first consider said relevance.

determination.  See Steen, 468 F.3d at __, 2006 U.S. App. LEXIS 28675, at *17; Selivanoff, 30 CIT at __, Slip Op. 06-55 at 7.  In the instant matter, the Court is unable to discern whether the Department "determined," in accordance with § 2401e(a), if Plaintiff's net income for 2003 was less than that of 2002.  The record is devoid of any information indicating to the Court whether the Secretary determined, rather than relied upon a single line item, in concluding that Lady Kim's net income was greater in 2003 than in 2002.  Moreover, the record does not reflect whether the Secretary performed the requisite analysis in reaching its conclusion.  On remand, therefore, the Department is directed to set forth an analysis demonstrating that it determined, rather than stated or referenced, Plaintiff's net income.[6]  See § 2401e(a)(1)(C).  See generally Bando Chem. Indus., Ltd. v. United States, 17 CIT 798, 799 (1993) (not reported in the Federal Supplement) (finding that an agency must present a "reviewable . . . basis" for its determination.).

**B.    The Department Must Explain the Basis for Its Determination**

Once the Secretary has determined net fishing income, the Department must explain its reasons for reaching its determination.

---

[6]    It should be noted, however, that the Court does not suggest that in reaching a determination, the Department need conduct an independent exploratory investigation into the net income of a producer.  In conformity with the statutory and regulatory scheme, the Department need rely only on the information submitted to it by the producer.  See § 1580.102.

The United States Supreme Court has "frequently reiterated" that whenever an agency exercises its discretion, the "agency must cogently explain why it has exercised its discretion in a given manner . . . ." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 48 (1983). Indeed, a "fundamental requirement of administrative law is that an agency set forth its reasons for decision." Tourus Records, Inc. v. DEA, 259 F.3d 731, 737 (Fed. Cir. 2001) (internal quotations omitted).

In the final determination denying TAA benefits, the Department set forth the following:

> This is to inform you that the Foreign Agricultural Service has disapproved your 2003 Louisiana shrimp marketing year application for a cash benefit under the Trade Adjustment Assistance for Farmers program (TAA).
>
> We have reviewed the information you provided to the Farm Service Agency with your application and have made a final determination that you are ineligible for a cash payment.
>
> You have been denied a TAA cash benefit because your net fishing income for 2003 was greater than your net fishing income for 2002.

Final Determination, AR 58. As the final determination reflects, the Department merely stated that Lady Kim was denied TAA benefits, and that the net fishing income in 2003 was greater than in 2002. This is not a cogent explanation. See Int'l Imaging Materials, Inc. v. United States, 30 CIT __, __, Slip Op. 06-11 at 13 (Jan. 23, 2006) (not published in the Federal Supplement). Indeed, the

Department simply stating a self-serving conclusion to support its determination does not constitute an explanation.  See Selivanoff, 30 CIT at __, Slip Op. 06-55 at 11-12 (remanding to the Department of Agriculture where the "negative determination letter . . . states simply that his application for TAA benefits was denied 'because the documentation you provided the Farm Service Agency indicates that your 2003 net fishing income was greater than your 2001 net fishing income.'  The letter does not detail why that is so.") (citation omitted).  In its final determination, the Department failed to explain how it came to its conclusion that Lady Kim's net fishing income for 2003 was greater than that of 2002.  The Department offered no insight into which line on Plaintiff's tax return it had based its decision upon.  More specifically, the Department offered no explanation as to why it found it appropriate to rely upon a line in a tax return which included a deduction for depreciation. Instead, the Department simply stated its findings.

Despite a lack of explanation in its final determination, in its briefs to this Court, Defendant attempts to explain the rationale for its decision.  See Def.'s Resp. at 5-12. Any explanation offered by Defendant, here, however, is a post hoc rationalization, and thus is an insufficient basis for the Court to reach a decision on the legality of the final determination. Anderson v. United States Sec'y of Agric., 30 CIT __, __, Slip Op. 06-161 at 19 (Nov. 1, 2006).  Indeed, the Supreme Court has stated

that:

> [A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). Because "courts may not accept appellate counsel's post hoc rationalizations for agency action" the Court does not consider Defendant's explanation first set forth in its briefs to this Court. See Burlington Truck Lines Inc. v. United States, 371 U.S. 156, 168 (1962). Accordingly, the Court relies only upon the information as set forth in the Department's final determination. See e.g., Final Determination, AR 58.

The Court, therefore, finds that the Department failed to adequately explain its rationale for the final determination denying Plaintiff TAA benefits. This Court has repeatedly indicated that an "agency must explain its rationale . . . such that a court may follow and review its line of analysis, its reasonable assumptions, and other relevant considerations." Allegheny Ludlum Corp. v. United States, 29 CIT __, __, 358 F. Supp. 2d 1334, 1344 (2005). Indeed, "[e]xplanation is necessary . . . for this court to perform

its statutory review function." Dastech Int'l Inc. v. United States, 21 CIT 469, 475, 963 F. Supp. 1220, 1226 (1997). In the instant matter, the Department failed to adequately explain its reasons for reaching its decision. Accordingly, remand to the Department for further explanation is appropriate. See Int'l Imaging Materials, Inc., 30 CIT at __, Slip Op. 06-11 at 13 (remanding to the agency where it simply stated, rather than explained its reasons for reaching its decision.).

**CONCLUSION**

Based on the foregoing, the Court remands this matter to the Department for action in accordance with this opinion. On remand, the Department is directed to explain the rationale for its decision to deny Plaintiff's application for TAA benefits. In so doing, the Department shall be able to demonstrate the analysis necessary for it to determine whether Plaintiff's net income was greater in 2003 than in 2002. Remand results are due on March 15, 2007; comments are due on April 16, 2007; and replies to such comments are due on April 27, 2007.

                                    /s/ Nicholas Tsoucalas
                                    NICHOLAS TSOUCALAS
                                    SENIOR JUDGE


Dated:    December 15, 2006
          New York, NY