**Slip Op. 08-6**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                          :
ARTHUR J. DEN HOED,                       :
                                          :
     Plaintiff,                           :
                                          :
     v.                                   :  Court No.:  06-00445
                                          :
UNITED STATES SECRETARY OF AGRICULTURE,   :
                                          :
     Defendant.                           :
_____:


[Plaintiff's motion to supplement the record is denied. Defendant's motion to dismiss is granted.  The case is dismissed.]


Skadden, Arps, Slate, Meagher & Flom LLP (Jeffrey D. Gerrish; Neena G. Shenai) for Arthur J. Den Hoed, plaintiff.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Devin A. Wolak); of counsel: Jeffrey Kahn, Office of the General Counsel, United States Department of Agriculture, for the United States Secretary of Agriculture, defendant.

                                        January 16, 2008

**OPINION**

**TSOUCALAS, Senior Judge:**  Defendant United States Secretary of Agriculture ("Defendant" or "Secretary" ) moves pursuant to USCIT R. 12(b)(5) to dismiss this action for failure to state a claim upon which relief may be granted.  Plaintiff Arthur J. Den Hoed ("Plaintiff") opposes the motion and moves pursuant to USCIT R. 7 to supplement the administrative record.  Plaintiff contends that

the record is inadequate and argues that Defendant's denial of trade adjustment assistance ("TAA") benefits to Plaintiff is not supported by substantial evidence. Plaintiff also seeks a protective order with respect to the information with which he seeks to supplement the administrative record. The Secretary opposes Plaintiff's motion to supplement the administrative record on the ground that the administrative record is complete and sufficient.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 2395.

## STANDARD OF REVIEW

A court should not dismiss a complaint for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Halperin Shipping Co., Inc. v. United States, 13 CIT 465, 466 (1989). Moreover, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. See United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1051 (1998) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). A pleading that sets forth a claim for relief must contain

"a short and plain statement" of the grounds upon which jurisdiction depends and "of the claim showing that the pleader is entitled to relief." USCIT R. 8(a). "To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference." Fabrene, Inc. v. United States, 17 CIT 911, 913 (1993). Accordingly, the Court must decide whether plaintiff is entitled to offer evidence in support of its claim, and not whether plaintiff will prevail in its claim. See Halperin, 13 CIT at 466.

## BACKGROUND

On June 9, 2006, Plaintiff filed his application for TAA benefits for crop year 2004. See Administrative Record ("Admin. R.") at 1. Plaintiff's application reflected that Plaintiff reported a net farm loss of $291.00 in 2003, see id. at 2, and a net farm loss of $140.00 in 2004, see id. at 3.

In November 2006, the Secretary denied Plaintiff's application on the ground that Plaintiff "did not provide acceptable documentation of net farm or fishing income . . . to show that [his] net income declined from that reported during the petition's pre-adjustment tax year." Id. at 30-32. Thereafter, Plaintiff timely sought review of Secretary's decision by filing a letter complaint.

On March 2, 2007, Defendant filed its motion to dismiss the action for failure to state a claim for which a relief may be granted.  On October 26, 2007, Plaintiff filed (1) an opposition to Defendant's motion to dismiss, (2) a motion to supplement the administrative record, and (3) a motion for a protective order with respect to documents designated as confidential or business confidential.  On November 16, 2007, Defendant filed its responses to Plaintiff's motion to supplement the administrative record and to Plaintiff's motion for a protective order.  On November 20, 2007, Defendant filed a reply brief in support of its motion to dismiss.

**DISCUSSION**

I.  **Plaintiff Failed To State A Claim For Which A Relief May Be Granted**

To receive TAA benefits, 19 U.S.C. § 2401e(a)(1)(C) requires that "[t]he producer's net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part."  Pursuant to 7 C.F.R. § 1580.301(e)(6), the producer must

> "provide either – (i) [s]upporting documentation from a certified public accountant or attorney, or (ii) [r]elevant documentation and other supporting financial data, such as financial statements, balance sheets, and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency."

In its motion to dismiss, the Secretary argues that Plaintiff

failed to plead an essential element of his claim because his complaint fails to state that his farm income decreased between 2003 and 2004. See Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") at 5-7. Citing Wooten v. United States ("Wooten II"), 30 CIT __, 441 F. Supp. 2d 1253 (2006), the Secretary contends that an applicant who is unable to demonstrate a decrease in his income based on the administrative record has failed to state a claim for which a relief may be granted. See Def.'s Mem. at 6-7. The Secretary notes that Plaintiff's income actually increased between 2003 and 2004 based on his IRS Schedule F forms, and therefore argues that the complaint must be dismissed. See id. at 6.

Plaintiff does not claim that he successfully plead the required elements to establish his entitlement to TAA benefits, but instead argues that Defendant's motion should be denied because the Secretary acted improperly in denying Plaintiff's TAA benefits. See Mem. Opp'n Def.'s Mot. Dimiss ("Pl.'s Opp'n") at 5-6. Plaintiff states that the Secretary failed to conduct an investigation of his application that met the threshold of reasonableness, and as a result, failed to find that Plaintiff's net income declined from 2003 to 2004. See id. at 6-11. In addition, Plaintiff complains that the Secretary may not rely solely on tax returns to determine net income. See id. at 8.

The Court agrees with Defendant and finds Wooten II controlling. In Wooten II, the court found that an applicant who

reported a net loss of $86,470 in 2002 and a net loss of $125,671 in 2001 had an actual increase in income of $39,201 during the two years although he reported losses in both years. See 30 CIT at __, 441 F. Supp. 2d at 1256. Finding that the applicant had failed to demonstrate a decrease in his income based on the administrative record, the court in Wooten II dismissed the case for failure to state a claim upon which relief may be granted. See 30 CIT at __, 441 F. Supp. 2d at 1259.

Accepting all well-pleaded facts as true and viewed in the light most favorable to the plaintiff, the Court finds that Plaintiff has failed to state a claim for which a relief may be granted. See Conley v. Gibson, 355 U.S. at 45-46. Nowhere in the letter complaint does the Plaintiff allege that his net income decreased between 2003 and 2004, an essential element of his claim. Indeed, like the plaintiff in Wooten II, the letter complaint states that Plaintiff should receive TAA benefits if he reported losses in both 2003 and 2004. See letter complaint dated December 7, 2006. Moreover, the administrative record contains only one form of documentation demonstrating Plaintiff's net income, and that document indicates that Plaintiff reported an actual increase in income during the relevant period. Thus, the Court finds that Plaintiff has failed to allege facts sufficient to demonstrate that he is entitled to receive TAA benefits. Because Plaintiff has not stated a claim upon which relief may be granted, this case must be

dismissed, unless Plaintiff establishes that he is entitled to supplement the administrative record.

## II. Plaintiff Is Not Entitled To Supplement The Administrative Record

The Court must sustain the Secretary's decision as long as it is "reasonable and supported by the record as a whole." Lady Kim T. Inc. v. United States Sec'y of Agric. ("Lady Kim I"), 30 CIT __, __, 469 F. Supp. 2d 1262, 1266 (2006) (quoting Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488 (1951)). The Secretary, in examining the documents submitted in connection with individual applications for TAA benefits, must meet "a threshold requirement of reasonable inquiry." See, e.g., Van Trinh v. United States Sec'y of Agric., 29 CIT __, __, 395 F. Supp. 2d 1259, 1268 (2005) ("While the Department has considerable discretion in conducting its investigation of TAA claims, there exists a threshold requirement of reasonable inquiry.")(citation, internal quotation marks and alterations omitted); see also Anderson v. United States Sec'y of Agric., 30 CIT __, __, 429 F. Supp. 2d 1352, 1355 (2006) ("The Department of Agriculture's discretion in conducting its investigations of TAA claims is prefaced by the existence of a threshold requirement of reasonable inquiry.")(citation and internal quotation marks omitted). The Court "cannot uphold a determination based upon manifest inaccuracy or incompleteness of record when relevant to a determination of

fact." Anderson, 30 CIT at __, 429 F. Supp. 2d at 1355 (quoting Former Employees of Pittsburgh Logistics Sys. Inc. v. United States Sec'y of Labor, 27 CIT 339 (2003)); see also Wooten v. United States Sec'y of Agric. ("Wooten I"), 30 CIT __, 414 F. Supp. 2d 1313 (2006). "If the court determines that Defendant did not meet the threshold requirement of a reasonable inquiry, it may, for good cause shown, remand the case to Agriculture to take further action." Anderson, 30 CIT at __, 429 F. Supp. 2d at 1355 (citing 19 U.S.C. § 2395(b)). Good cause exists if the Secretary's finding is arbitrary or not based on substantial evidence. See id. (citing Former Employees of Galey & Lord Indus. v. Chao, 26 CIT 806, 809, 219 F. Supp. 2d 1283, 1286 (2002)).

Plaintiff argues that the Secretary failed to conduct a reasonable inquiry of his application for TAA benefits as required by law. See Pl.'s Mot. Supplement R. ("Pl.'s Mot.") at 1-3; Pl.'s Opp'n at 6-11. As a result, Plaintiff contends that Defendant's denial of his application for TAA benefits was based on an inadequate record, and thus, unsupported by substantial evidence. See Pl.'s Mot. at 1-2; Pl.'s Opp'n at 11. In addition, Plaintiff claims that it was improper for the Secretary to rely upon his tax returns as the sole basis for determining net income. See Pl.'s Mot. at 2; Pl.'s Opp'n at 10. Plaintiff therefore seeks to supplement the records with "evidence that should have been and would have been record evidence had the Secretary conducted a

'reasonable inquiry' of Plaintiff's TAA claim." Pl.'s Mot. at 3.

The Secretary responds that the administrative record was complete and sufficient to make an informed decision upon Plaintiff's application. See Def.'s Resp. Pl.'s Mot. Supplement R. ("Def.'s Resp.") at 1. According to the Secretary, Plaintiff completed and submitted all the necessary forms and supporting documents required under the statute and regulations including documents evidencing his net farm income. See id. at 5-6. In addition, the Secretary notes that Plaintiff did not submit any documents concerning his net farm income (other than his tax returns) or make any attempt to supplement his application with additional documents. See id. at 7. Since the documents with which Plaintiff attempts to supplement the record were not timely submitted and Plaintiff offers no excuse for such failure, the Secretary contends that Plaintiff improperly seeks to introduce extra-record evidence. See id. at 10-11.

The Court finds that Defendant here did not fail to meet the threshold of reasonable inquiry in examining Plaintiff's application. The Secretary did not ask for additional information from Plaintiff because nothing in the application as reviewed by the Secretary indicated any deficiency. Plaintiff does not dispute that his application, which included all necessary forms and supporting documents, appeared to be complete. Since the Secretary could not have known that Plaintiff possessed other documents

relevant to determination of his net income, the Secretary could not be expected to request them or to notify Plaintiff of any deficiency.  Indeed, the Secretary is entitled to "rely only on the information submitted to it by the producer."  See Lady Kim T. Inc. v. United States Sec'y of Agric. ("Lady Kim II"), 31 CIT __, 491 F. Supp. 2d 1366, 1371 n. 6 (2007).

The cases relied upon by Plaintiff are factually distinguishable because they each involve a situation where the agency knew or should have known that the application at hand was deficient in some fashion.  In such instances, the Court has found that the Secretary failed to meet the threshold requirement of reasonable inquiry by failing to notify the applicant of the deficiencies.  See, e.g., Wooten I, 30 CIT at __, 414 F. Supp. 2d at  1316 (holding that the Secretary should have made a reasonable inquiry about the obviously missing tax returns); Van Trinh, 29 CIT at __, 395 F. Supp. 2d at 1269 (finding that significant discrepancies and conflicting information in the applicant's file should have at least suggested to the Secretary that documentation was missing or lost from the record).

Here, Plaintiff proffers no evidence whatsoever that the Secretary knew or should have been aware of the fact that Plaintiff possessed additional information regarding his net farm income. Nothing was obviously missing from Plaintiff's application. Plaintiff does not allege that his application contained

discrepancies or conflicting information that should have indicated to the Secretary a need to notify the applicant of any missing information regarding his net farm income.

In addition, the Court finds no merit to Plaintiff's argument that the Secretary acted improperly by relying only on tax return information in determining net income when the applicant chose to evidence it by submitting nothing more than his tax returns. Plaintiff chose to do so even though applicants are permitted to submit various forms of documents to demonstrate their net income. See 7 C.F.R. § 1580.301(e)(6).  Although Steen v. United States, 468 F.3d 1357 (Fed. Cir. 2006), requires the Secretary to consider all materials submitted by applicants evidencing net income, in addition to any tax forms, it cannot be read to bar the Secretary from relying solely on tax forms if no other information is available.

Accordingly, the Court finds that Defendant met the threshold requirement of reasonable inquiry, and the Secretary's denial of Plaintiff's application was not arbitrary and was supported by substantial evidence.  Plaintiff is therefore not entitled to supplement the administrative record.  Plaintiff's motion is denied.[1]

---

[1]     Plaintiff's motion for a protective order is denied as moot in light of the Court's ruling on Plaintiff's motion to supplement the administrative record.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to supplement the record is denied, Plaintiff's motion for a protective order is denied as moot, and Defendant's motion to dismiss is granted.  Case is dismissed.

                                                    /s/ Nicholas Tsoucalas
                                                    NICHOLAS TSOUCALAS
                                                    SENIOR JUDGE

Dated:      January 16, 2008
            New York, New York