Slip Op. 06-101

UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————
                                          :
HENRY H. WOOTEN, III                      :
                                          :
          Plaintiff,                      :
                                          :      Before:     WALLACH, Judge
     v.                                   :      Court No.:  05-00208
                                          :
UNITED STATES, SECRETARY OF               :
AGRICULTURE,                              :
                                          :
          Defendant.                      :
                                          :
———————————————————————

[Defendant's Motion to Dismiss is Granted and Plaintiff's Motion for Summary Judgment is Denied.]

                                               Dated: July 6, 2006

Miller & Chevalier Chartered, (Daniel P. Wendt, and Elizabeth Puskar) for Plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Patricia M. McCarthy, Assistant Director; Delfa Castillo, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; and Jeffrey Kahn, Attorney-Advisor, Office of the General Counsel, International Affairs & Commodity Programs Division, U.S. Department of Agriculture, of Counsel, for Defendant.


**OPINION**

**Wallach, Judge:**

I
Introduction

This matter comes before the court on Defendant's Motion to Dismiss ("Defendant's Motion") filed on January 18, 2006, and Plaintiff's Motion for Judgment Upon Agency Record ("Plaintiff's Motion") filed on February 22, 2006. Plaintiff has failed to establish the facts

necessary to warrant his eligibility for trade adjustment assistance benefits. Defendant's Motion is granted and Plaintiff's Motion is denied. This court has jurisdiction pursuant to 19 U.S.C. § 2395 (2004).

## II
## Background

On November 25, 2003, the Foreign Agriculture Service ("FAS") approved the Catfish Farmers of America's petition for certification for eligibility for trade adjustment assistance for catfish producers in the states of Alabama, Arkansas, Florida, Georgia, Idaho, Illinois, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nevada, North Carolina, Ohio, Oklahoma, South Carolina, Texas, and Utah. See Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 66,072 (Nov. 25, 2003). On January 23, 2004, Plaintiff Henry Wooten, a catfish farmer from Arkansas, submitted his application for TAA benefits and also attended the requisite training required under the TAA program. Plaintiff's Opposition at 3. The U.S. Department of Agriculture ("Defendant" or "Agriculture") denied Plaintiff's application for trade adjustment assistance ("TAA") because his net fishing income did not decline from 2001 to 2002. Specifically, Agriculture found that since Plaintiff's fishing enterprise lost less money in 2002 than in 2001 he was ineligible for TAA benefits. Defendant's Motion at 6-7. Plaintiff filed a Summons and Complaint challenging Defendant's determination.

## III
## Arguments

Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted and that this matter should be dismissed. Defendant says that Plaintiff has not alleged facts sufficient to warrant eligibility for TAA benefits because Plaintiff's net fishing income did

2

not decline in 2002 as compared to 2001 as required by the statute.

Plaintiff argues that Agriculture's regulations are arbitrary and capricious because they do not give discretion to Agriculture to distribute TAA benefits to those fisherman that are experiencing economic hardship although they did not suffer a decline in net fishing income. Plaintiff also claims that Agriculture has unreasonably defined net farm income to include net farm loss contrary to Congressional intent.

## IV
## Applicable Legal Standard

### A
### Motion to Dismiss

When reviewing a motion to dismiss, a court must decide whether all factual allegations taken as true and construed in the light most favorable to the plaintiff are sufficient to state a legal claim. See Degussa Canada Ltd. v. United States, 889 F. Supp. 1543, 1545 (CIT 1995) (citing Halperin Shipping Co., v. United States, 13 CIT 465, 466 (1989)).  Dismissal of a complaint is appropriate when it appears that plaintiff can prove no set of facts which would entitle him to legal or equitable relief. See Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1565 (Fed. Cir. 1988) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B
### Motion for Summary Judgment

This court has jurisdiction to affirm or remand the actions of the Secretary of Agriculture "in whole or in part." 19 U.S.C. § 2395(c) (2004).  The Department of Agriculture's determination regarding certification of eligibility for TAA will be upheld if it is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 2395(b); see Van Trinh

3

v. U.S. Sec'y of Agric., 395 F. Supp. 2d 1259, 1265 (CIT 2005); see also Former Employees of Swiss Indus. Abrasives v. United States, 17 CIT 945, 947, 830 F. Supp. 637, 639 (1993). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Courts have found that substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the [same] evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) (citations omitted). The scope of review of the agency's actions is limited to the administrative record. Defenders of Wildlife v. Hogarth, 25 CIT 1309, 1315, 177 F. Supp. 2d 1336, 1342-43 (2001). In addition, the Administrative Procedures Act ("APA") provides that agency determinations shall be held invalid if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706 (2004).

**V**
**Discussion**

**A**
**Plaintiff Has Not Stated a Claim Upon Which Relief May be Granted**

Defendant claims that since Plaintiff did not have a decrease in net farm income from 2001 to 2002, Plaintiff's Amended Complaint does not allege facts sufficient to warrant eligibility for TAA benefits and consequently fails to state a claim upon which relief may be granted. Defendant's Motion at 9. Specifically, Defendant argues that Plaintiff never submitted verifiable net fishing income during the application review period and only provided the requisite

4

documentation after the court granted his motion to supplement the record. Id. at 10. Defendant further asserts that Plaintiff's income documentation indicates that he did not suffer a larger loss in 2002 than he did in 2001, and accordingly failed to qualify for TAA benefits. Id. at 10-11; Defendant's Reply at 1. Since, Plaintiff failed to provide proof of his qualification for TAA cash payments, Defendant argues that Plaintiff's Amended Complaint does not state a claim upon which relief can be granted and thus should be dismissed. Id. at 15. Furthermore, Defendant requests that if the court does not grant its motion to dismiss, that it affirm Agriculture's determination denying Plaintiff's application for TAA benefits. Defendant's Response at 1.

Plaintiff asserts that although he suffered a larger loss in fishing income in 2001 as compared to 2002, he is still enduring economic hardship and should qualify for TAA benefits. Plaintiff's Motion at 1-2. Plaintiff admits, however, that "under Agriculture's regulations implementing the TAA for Farmers program and the current administrative record, as supplemented, Mr. Wooten cannot show that his net farm income (as defined by regulation to included net farm losses) in 2002 was less than his net farm income in 2001." Id. at 5.

The TAA statute at 19 U.S.C. § 2401e(a)(1) articulates the basic qualifying requirements which must be met by petitioners prior to receiving TAA benefits. One of the primary conditions for the grant of TAA is that "[t]he producer's net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part." 19 U.S.C. § 2401e(a)(1)(C). Agriculture's regulations define "net fishing income" as "net profit or loss, excluding payments . . . reported to the Internal Revenue Service for the tax year that most closely corresponds with the marketing year under consideration." 7 C.F.R. § 1580.102. Agriculture's regulations require a

5

producer to submit a certification that "net farm or fishing income was less than during the producer's pre-adjustment year." 7 C.F.R. § 1580.301(e)(4).

In this instance, Plaintiff originally failed to provide the required certification but was permitted to supplement the record during the course of this litigation. See Wooten v. United States Sec'y of Agric., Slip Op. 06-14, 414 F. Supp. 2d 1313 (CIT 2006). As Defendant correctly asserts, Plaintiff, despite that supplementation, still fails to demonstrate that his income declined between 2001 and 2002. Plaintiff himself admits that he cannot demonstrate that his net fishing income (using the current definition to include net fishing losses) was less in 2002 than in 2001. Plaintiff's Response at 5. In fact, his reported net loss was ($86,470) in 2002, as compared to a net loss in 2001 of ($125,671), an actual *increase* in income of $39,201. Plaintiff's Response at 2. Taking all the allegations in Plaintiff's Amended Complaint in the light most favorable to him, he continues to be ineligible for TAA cash benefits pursuant to 19 U.S.C. § 2401e because there was no decrease in income between 2001 and 2002. Degussa Canada Ltd., 889 F. Supp. at 1545. As a result, unless Defendant's application of the statute is not in accordance with law, this matter must be dismissed for failure to state a claim upon which relief may be granted.

**B**
**The Department of Agriculture's Definition of Net Fishing Income is in Accordance with Law**

Plaintiff argues that Agriculture's definition of net farm income is arbitrary, capricious, and contrary to Congressional intent. Plaintiff's Motion at 1, 5. Plaintiff asserts that under Agriculture's current definition of net farm income, his income in 2002 is "deemed to be greater" than his income in 2001 because "his net farm losses were smaller in 2002 than in 2001." Id. at 6. Plaintiff contends that Agriculture should set net fishing income to zero in those cases when a

6

fisherman has net losses in consecutive years, and also waive the requirement that he must certify that his net fishing income was less than during the pre-adjustment year. Id. at 6-7. According to Plaintiff, failure to modify the definition and certification requirements is contrary to Congress' intent to provide TAA allowances to farmers in adversely affected industries. Id. at 7.

Defendant argues that given the standard of review articulated by the Supreme Court in Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), and Congress' specific grant of authority to Agriculture to define net fishing income, Agriculture's regulation and its determinations made thereof are in accordance with law. Defendant's Response at 5-6. Defendant further counters that if Plaintiff's interpretation of net fishing income is adopted by Agriculture, then it would actually preclude him from receiving benefits because if a producer's "income was deemed zero in both years, there would be *no reduction* in income between the two years." Defendant's Reply at 5-6 (emphasis in original). Finally, Defendant asserts that because Congress left the definition of net fishing income solely to the discretion of the Secretary of Agriculture, its decision to include net profit or loss in the definition is also in accordance with Congressional intent. Defendant's Response at 16-17.

In determining whether or not an agency properly interpreted and implemented a statute, courts undertake the two-step analysis prescribed by Chevron. The first step in this analysis is whether Congress has directly spoken on the issue in the text of the statute applying the canons of statutory construction and examining the legislative history accompanying the statute. Id. at 842; see also Floral Trade Council v. United States, 23 CIT 20, 22 n. 6, 41 F. Supp. 2d 319, 323 n. 6 (1999). If the statute is silent or ambiguous, then the court takes the second step and examines whether or not the agency's interpretation is permissible. Id. at 843. A permissible

interpretation of the statute is one that is reasonable and rational. See Fujitsu Gen. Ltd. v. United States, 88 F.3d 1034, 1038 (Fed. Cir. 1996); see also Steen v. United States, 395 F. Supp. 2d 1345, 1349 (CIT 2005). However, the court may not substitute its judgment for that of the agency's. See Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed. Cir. 1994) (holding that "a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another").

In this matter, Agriculture's definition of "net fishing income" is reasonable and Congressional intent is clear. Congress clearly stated in 19 U.S.C. § 2401e(a)(1)(C) that "net farm income" shall be determined by the Secretary, precluding any need to go beyond the plain meaning of the statute to discern Congressional intent. See Steen 395 F. Supp.2d at 1349-50. Congress intended to give Defendant considerable discretion on this issue; that discretion has been reasonably and rationally exercised. The terms "net farm" and "net fishing" income are used by the Secretary of Agriculture to identify those producers who have been harmed by import competition for the specific purpose of determining who is eligible for TAA benefits. See 19 U.S.C. § 2401e(a)(1). The Secretary defined "net farm" and "net fishing" income as follows in its regulations:

> *Net Farm Income* means net farm profit or loss, excluding payments under this part, reported to the Internal Revenue Service for the tax year that most closely corresponds with the marketing year under consideration.

> *Net Fishing Income* means net profit or loss, excluding payments under this part, reported to the Internal Revenue Service for the tax year that most closely corresponds with the marketing year under consideration.

7 C.F.R. § 1580.102 (2004). The definitions are in accordance with Congressional intent. See

8

generally Steen, 395 F. Supp.2d at 1349-51 (discussing the legislative history of 19 U.S.C. §§ 2401a - 2401e).

This court has stated in Viet Do v. U.S. Sec'y of Ag., 427 F. Supp. 2d 1224 (CIT 2006), Cabana v. U.S. Sec'y of Agric., 427 F. Supp. 2d 1232 (CIT 2006), and Steen v. United States, 395 F. Supp.2d 1345 (CIT 2005), that the definition of "net farm" and "net fishing" income is in accordance with the statutory language of 19 U.S.C. § 2401e. Plaintiff here urges an interpretation of the statute that would define "net fishing income" to not include net fishing losses (and instead set "net fishing income" to zero in instances where a fisherman has net losses. Plaintiff's Motion at 6. Agriculture's regulations permissibly construe the statutory language granting the Secretary the authority to define "net farm" and "net fishing" income and were promulgated following formal notice and comment procedures.[1] See Chevron 467 U.S. at 843;

---

[1] The Foreign Agricultural Service ("FAS") proposed "Part 1580 - Trade Adjustment Assistance for Farmers," a rule to implement the Chapter 6 of Title II of the Trade Act of 1974, as amended by the Trade Act of 2002. Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 39,478 (July 2, 2003). Under the proposed rule, a group of agricultural commodity producers could petition the FAS for TAA. Id. at 39,479. If the FAS Administrator determined that "the national average price in the most recent marketing year for the commodity produced by the group is equal to or less than 80 percent of the average of the national average prices in the preceding 5 marketing years and [whether] increases in imports of that commodity contributed importantly to the decline in price," it would certify the group as eligible for TAA. Id. Upon certification, individual producers of the certified commodity could petition the FSA to receive basic information and technical assistance, and subject to additional eligibility requirements, cash payments. Id. The additional eligibility requirements included a "certification that [the individual producers'] net farm income is less than that for the latest year in which no adjustment assistance was received." Id. at 39,481 (quoting proposed 7 C.F.R. § 1580.301(e)(4)).

After inviting comments on the proposed rule, the final rule addressed respondents' comment regarding the net income requirement. Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 50,048 (August 20, 2003). Three respondents were concerned that "producers managing diversified farms might not qualify for adjustment assistance payments due to higher earnings from sales of other commodities." Id. at 50,049. The FAS countered that TAA's purpose was limited to providing assistance to those producers facing "economic hardship." Id. Furthermore,

9

see <u>Steen</u>, 395 F. Supp.2d at 1350.

In this case, although the application of the regulation to Mr. Wooten results in denial of TAA benefits to Mr. Wooten, the determination itself does not violate the applicable statute or regulations. As a result, Defendant's determination that Plaintiff does not qualify to TAA benefits pursuant to 19 U.S.C. § 2401e is in accordance with law and supported by substantial evidence.

## V

## Conclusion

For the reasons stated above, Defendant's Motion is granted and Plaintiff's Motion is denied.

____/s/ Evan J. Wallach___
Evan J. Wallach, Judge

Date:   July 6, 2006
        New York, New York

---

the FAS emphasized that the TAA payments would be excluded from consideration when it determined whether a producer was eligible in subsequent qualifying years. <u>Id.</u> After consideration of respondents' comments, FAS continued to define net farm and fishing income as overall income, that is, the income derived from all of an individual producer's catch. To date, the FAS has not published an amendment that changes this definition. <u>See, e.g.</u>, Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 62,731 (November 6, 2003).