**SLIP OP. 07–162**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| Whitney Brothers, Inc., |
| *Plaintiff,* |
| v. |
| United States Secretary of Agriculture, |
| *Defendant*. |

**BEFORE: GREGORY W. CARMAN, JUDGE**

Court No. 06-00426

[Defendant's motion for judgment upon the agency record is GRANTED; and Plaintiff's case is dismissed.  Judgment for Defendant.]

Steven D. Schwinn, Attorney, The John Marshall Law School, and Maria Caldera, Student Attorney, University of Maryland School of Law, for Plaintiff.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director; Delisa M. Sánchez, Trial Attorney, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, for Defendant.

Jeffrey Kahn, of Counsel, Office of the General Counsel, U.S. Department of Agriculture, International Affairs & Commodity Programs Division, for Defendant.

**OPINION**

Date: November 6, 2007

**CARMAN, JUDGE:**  This matter is before the court on a motion for judgment upon the agency record.  Defendant, the U.S. Department of Agriculture ("USDA" or "Defendant"), moves pursuant to USCIT R. 56.1 to request that this Court affirm the agency decision by the USDA, which denied Plaintiff trade adjustment assistance

("TAA") benefits.  Plaintiff, Whitney Brothers, Inc. ("Whitney Brothers" or "Plaintiff"),

argues in opposition that Defendant's agency determination was not supported by

substantial evidence and otherwise failed to adequately explain its reasoning.  Plaintiff

requests that this Court deny Defendant's motion and remand the matter to the USDA

with special instructions to reconsider its application for TAA benefits.  After

considering all the briefs and other papers[1] filed in this matter and for the reasons that

follow, this Court holds that the USDA's findings of fact with regard to this matter are

supported by substantial evidence on the record and that the USDA's legal conclusions

are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law.  Accordingly, the USDA's motion is granted and its administrative determination

is affirmed.

---

[1]Plaintiff attached to its response brief an affidavit that was not part of the administrative record ("AR").  (Plaintiff's Mem. of P. & A. of Law in Opp'n to Def.'s Mot. for J. on the Agency R. ("Pl. Resp. Br."), App. B, affidavit of Phil Whitney, Pres., Whitney Brothers)  As this Court did not find that the record was incomplete, the affidavit's contents were not considered.  *See Ammex, Inc. v. United States*, 23 CIT 549, 555, 62 F. Supp. 2d 1148, 1156 (1999) ("relevant materials that were neither directly nor indirectly considered by agency decision makers should not be included") (emphasis omitted); *see also Saha Thai Steel Pipe Co. v. United States*, 11 CIT 257, 259, 261, 661 F. Supp. 1198, 1201, 1202 (1987) (A court will only consider matters outside of the administrative record when there has been a "*strong showing* of bad faith or improper behavior on the part of the officials who made the determination" or when a party demonstrates that there is a "*reasonable basis* to believe the administrative record is incomplete.") (emphasis in original).

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On February 21, 2006, the National Grape Cooperative Association, representing Concord juice grape producers from the State of Washington, petitioned the Foreign Agricultural Service of the USDA for TAA certification. *Trade Adjustment Assistance for Farmers*, 71 Fed. Reg. 15,691 (Dep't Agric. Mar. 29, 2006) (notice) [hereinafter *"TAA: Concord Grapes"*]. The FAS approved the petition, effective March 15, 2006, following an investigation that determined that "increased imports of grape juice, non-concentrated (frozen and not frozen) contributed importantly to a decline in producer prices of Concord juice grapes in Washington by 36 percent during August 2004 through July 2005, when compared with the previous 5-year average." *Id.* Under the TAA program, following petition certification by the USDA, qualified Concord grape producers became eligible to apply for TAA cash benefits.

Whitney Brothers is a family-operated grape farm, located in Prosser, Washington, which grows Concord grapes.[2] (Pl. Resp. Br. 1.) As a result of the approved certification, Plaintiff was eligible to apply for TAA benefits. The application

---

[2]The Concord grape is a robust grape cultivated from ancestral native species—a derivative of a wild *Vitis labrusca* grape that could withstand the harsh New England weather. Concord grapes were first developed near Concord, Massachusetts by Ephraim Wales Bull in 1849. This grape variety is widely produced domestically in the cooler climates of the northern United States, with Washington State producing the largest quantity of Concord grapes. Grape juice, jams, jellies and wine can be made from Concord grapes. *See* www.concordgrape.org (last visited Oct. 29, 2007); www.uga.edu/fruit/grape.html (last visited Oct. 29, 2007).

filing deadline for Concord grape juice producers seeking TAA benefits for fiscal year 2006 was set for June 26, 2006.  TAA: *Concord Grapes*, 71 Fed. Reg. at 15,691.  Plaintiff filed its application with the local branch office of the USDA's Farm Service Agency on May 24, 2006 for TAA cash benefits concerning crop year 2004.  (Administrative Record ("AR") at 1.)  Along with its application, Plaintiff also submitted to the USDA part of its 2003 and 2004 tax returns (the Schedules F, Internal Revenue Service ("IRS") form 1040) as well as its USDA forms CCC-526.  (Confidential ("Conf.") AR at 2 & 3; Compl., Ex. 3 & 4; AR at 13–22.)

Thereafter, the USDA notified Plaintiff by letter, dated October 16, 2006 (the "October 16 Letter"), that its TAA benefits application had been denied.  (AR at 37.)  The letter stated that Whitney Brothers was denied TAA benefits because it (1) failed to "provide a completed form CCC-526 by the certification deadline (September 30) to verify that [its] average adjusted gross income did not exceed program limits" and (2) "did not provide acceptable documentation of net farm . . . income by the certification deadline (September 30) to show that [its] net income declined from that reported during the petition's pre-adjustment tax year."  (*Id*.)  A subsequent letter from the USDA, dated November 19, 2006, reiterated the denial of Plaintiff's application and informed them that they had sixty days from November 6, 2006 in which to file an appeal to this Court.  (AR at 39.)

Plaintiff timely filed a letter complaint, *pro se*, to the U.S. Court of International Trade on November 20, 2006.  Pursuant to Administrative Order 06-01 of this Court, Plaintiff retained counsel.[3]  On March 30, 2007, Defendant moved for judgment on the agency record requesting that this Court affirm USDA's denial of Plaintiff's application for TAA benefits.  This motion is now before the court.

## PARTIES' CONTENTIONS

I.      **Defendant's Contentions**

The USDA maintains that it denied the Whitney Brothers's application for TAA cash benefits because its "2004 net farm income[4] was not less than its 2003 net farm income" as the TAA statute requires.  (Def.'s Mot. For J. Upon the Agency R. ("Def.'s Reply Br.") 7 (emphasis omitted).)  The USDA determined that Plaintiff's "2003 net farm loss was $141,252.00 and its 2004 net farm loss was $109,018.  Accordingly, Whitney Brothers had an *increase in net farm income* from 2003 to 2004."  (*Id.* at 8.)

---

[3]Plaintiff is ably represented by law student Ms. Maria Caldera of the University of Maryland School of Law, under the supervision of Professor Steven D. Schwinn, Esq., The John Marshall Law School.  *See* Administrative Order 06-01, U.S. Court of Int'l Trade (2006).  This Court notes that Ms. Caldera did admirable work in preparing Plaintiff's Reply Brief.

[4]"Net farm income" is defined by the USDA as "net farm profit or loss, excluding payments under this part, reported to the Internal Revenue Service for the tax year that most closely corresponds with the marketing year under consideration."  7 C.F.R. § 1580.102 (2006).  Plaintiff does not dispute this regulatory definition.  (*See* Pl. Resp. Br. 6.)

Defendant in its reply brief concedes that Whitney Brothers had indeed provided a completed form CCC-526, as evidenced by its presence in the administrative record. (*See* Def.'s Reply Br. 11.) Thus, USDA acknowledges that its October 16 Letter is "not accurate in this regard." (*Id.*) Accordingly, this Court will treat the matter as conceded.

## II.    Plaintiff's Contentions

Whitney Brothers contends that the USDA's determination is not supported by "substantial evidence" since the agency failed to conduct a "reasonable inquiry" as required under 19 U.S.C. § 2401e(a)(1) (2000) and it failed to "cogently" explain the basis for its determination. (Pl. Resp. Br. 5.) In essence, Plaintiff argues that the statute requires that the USDA "*determine* an applicant's 'net farm income[]' [and] not merely determine the *meaning* of 'net farm income.'" (*Id.* (emphasis in original; *citing Lady Kim T, Inc. v. U.S. Sec'y of Agriculture*, 30 CIT __, __, 469 F. Supp. 2d 1262, 1266 (2006)).) Plaintiff goes on to assert that the USDA merely compared the "net farm income" lines from Plaintiff's 2003 and 2004 tax returns (lines 36, Schedules F, IRS forms 1040) and conducted no further inquiry—a determination that is "per se invalid." (*Id.* at 8–11.) The USDA, Plaintiff argues, had "an obligation" to conduct a "reasonable inquiry"—it "must determine an applicant's 'net farm income' based on the 'record as a whole,' including the various factors that went into calculating the applicant's net income as reported" to the IRS. (*Id*. at 8 (citations omitted).) Whitney Brothers insist that the

USDA failed to consider its "non-recurring deduction" that formed part of Plaintiff's calculation of "net farm income" for 2003:

> [H]ad the Department examined the tax forms more closely, it would have noted that Plaintiff's net farm income in 2003 was drastically distorted by a one-time, non-recurring deduction in the amount of $82,655 (reflected in line 34c) for restoring the farm's irrigation system. . . . In contrast, in 2004, no similar deduction was taken. . . . Thus, if not for this deduction, which accounted for 31% of Plaintiff's gross income, Plaintiff's net farm loss in 2003 would have been –$58,597, less than Plaintiffs 2004 net farm loss of –$109,018 . . . [entitling them] to TAA cash benefits.

(*Id.* at 13–14.)

In addition, Plaintiff argues that there were "other varying operating expenses" reported as deductions on its tax returns that "distorted" its net farm income. (*Id.* at 14.) Whitney Brothers assert, for example, that its deductions for hired labor (line 24 of the 1040 tax return) went from $60,117 in 2003 to $49,830 in 2004; gasoline, fuel, and oil deductions (line 21 of the 1040 tax return) went from $72,088 in 2003 to $36,927 in 2004; and supplies purchased (line 30 of the 1040 tax return) dropped from $23,472 in 2003 to $8,270 in 2004. (*Id.*) Consequently, Plaintiff had "fewer expenses to deduct from its tax return in 2004, thereby creating the appearance that its net farm income increased—or at least that losses fell—between 2003 and 2004. (*Id.*) As a result of the distorting effect of the deductions and in light of Whitney Brothers's "drastic decline of gross income and operating expenses (deductions) in 2004, [the USDA] should have conducted a more comprehensive review" of Whitney Brothers's Schedules F to "understand fully

the circumstances that led to the net figures."  (*Id.*)


## JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction over this action pursuant to section 142 of the Trade

Act of 2002, as amended, 19 U.S.C. § 2395 (Supp. 2004).[5]  This Court may affirm, set

aside, or remand the actions of the USDA "in whole or in part."  19 U.S.C. § 2395(c).

The court employs a split standard of review, which varies for questions of fact

and for questions of law.  For factual determinations made by the USDA, the court must

accept the findings-of-fact as conclusive if they are supported by "substantial

evidence."[6]  19 U.S.C. § 2395(b); *Cabana v. United States Sec'y of Agric.*, 30 CIT __, __, 427

F. Supp. 2d 1232, 1233 (2006).  "Substantial evidence is more than a mere scintilla.  It

means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (citations

omitted); *accord Huaiyin Foreign Trade Corp. (30) v. United States*, 322 F.3d 1369, 1374

(Fed. Cir. 2003); *Wooten v. U.S. Sec'y of Agric.*, 30 CIT __, __, 441 F. Supp. 2d 1253,

---

[5]All further citations to the Trade Act of 1974, as amended by the Trade Act of 2002, are to the relevant provision in Title 19 of the U.S. Code, 2004 Supplement.

[6]Under the Administrative Procedures Act, *de novo* review is applicable only when (1) "the action is adjudicatory in nature and the agency fact-finding procedures are inadequate," or (2) "issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action."  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *rev'd on other grnds., Califano v. Sanders*, 430 U.S. 99, 105 (1977).

1255 (2006). "Courts have found that substantial evidence 'is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the [same] evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Wooten,* 30 CIT at __, 441 F. Supp. 2d at 1255 (*quoting Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966)). "As long as the agency's methodology and procedures are reasonable means of effectuating the statutory purpose, and there is substantial evidence in the record supporting the agency's conclusions, the court will not impose its own views as to the sufficiency of the agency's investigation or question the agency's methodology." *Ceramica Regiomontana, S.A. v. United States*, 10 CIT 399, 404-05, 636 F. Supp. 961, 966 (1986) (citations omitted), *aff'd*, 810 F.2d 1137 (Fed. Cir. 1987).

With respect to judicial review of the USDA's decisions on questions of law, because the TAA statute is silent in this regard, the court looks to the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 706 (2000). The APA provides that agency determinations shall be held invalid if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.*; *Anderson v. U.S. Sec'y of Agric.*, 31 CIT __, __, 491 F. Supp. 2d 1305, 1309–10 (2007). Furthermore, the scope of review of the agency's actions is limited to the administrative record. 28 U.S.C. § 2640(e); *Defenders of Wildlife v. Hogarth*, 25 CIT 1309, 1315, 177 F. Supp. 2d 1336, 1342–43 (2001).

To be sustained, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quotation & citation omitted). Thus, if this Court finds that the USDA did not provide a cogent explanation for its decision, the Court will set aside that decision. *Id.* at 48–49.

## DISCUSSION

The essential issue in this case is whether Plaintiff satisfied the requirements of 19 U.S.C. § 2401e(a)(1)(C) and 7 C.F.R. § 1580.301(e)(4) (2006).[7] In pertinent part, 19 U.S.C. § 2401e(a)(1)(C) requires that

> [t]he producer's net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part.

19 U.S.C. § 2401e(a)(1)(C). The USDA implements this provision through 7 C.F.R. § 1580.301(e)(4), which requires that applicants "[c]ertif[y] that net farm or fishing income was less than that during the producer's pre-adjustment year." 7 C.F.R. § 1580.301(e)(4).

---

[7]Notwithstanding that the USDA has revised the relevant section of the Code of Federal Regulations ("C.F.R."), this Court refers to the 2006 version of the C.F.R. since it was in effect at the time Plaintiff completed its application and the USDA rendered its decision. *See Steen v. United States*, 468 F.3d 1357, 1359–60 (Fed. Cir. 2006).

Whitney Brothers filed, along with its TAA application, copies of its 2003 and 2004 Schedules F, IRS form 1040. (Conf. AR at 2 & 3; Compl., Ex. 3 & 4.) No other documents evidencing Whitney Brothers net farm income were submitted, nor were any additional documents requested. Based on this submission, the USDA determined that Plaintiff did not meet the statutory and regulatory income requirements because its "2004 net farm income was not less than its 2003 net farm income." (Def.'s Reply Br. 7–8 (emphasis omitted) (*citing* 19 U.S.C. § 2401e and 7 C.F.R. § 1580.302(e)(4)[8]).)

The letter of denial sent to Plaintiff—the October 16th Letter—cryptically stated that Plaintiff "did not provide acceptable documentation of net farm or fishing income by the certification deadline (September 30) to show that [its] net income declined from that reported during the petition's pre-adjustment tax year." (AR at 37.) This statement seems to imply that Plaintiff's application was denied based on the absence of financial documentation, which was, to be sure, an incorrect statement. (*See* AR at 2 & 3.) Alternatively, the statement could also suggest that Plaintiff's application was denied based on the quality or insufficiency of its submitted financial documentation, which showed that its reported net farm income increased from 2003 to 2004. (*See id.*) In either instance, the October 16th Letter appears to be an opaque form-letter response from an inundated agency, burdened by numerous applications. Notwithstanding the

---

[8]Defendant in its brief incorrectly cites to 7 C.F.R. § 1580.102(e)(4).

possibility that Plaintiff may have been confused by the USDA's inartfully drafted letter, as discussed below, the agency's reasoning may be fairly discerned from the letter's contents.  *See Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974) (A court "will uphold [an agency's] decision of less than ideal clarity if the agency's path may reasonably be discerned."); *accord Nucor Corp. v. United States*, 414 F.3d 1331, 1339 (Fed. Cir. 2005) ("Where an agency has not made a particular determination explicitly, the agency's ruling nonetheless may be sustained as long as the path of the agency may be reasonably discerned.") (quotes and citation omitted); *see also* Def.'s Reply Br. 11 ("While this particular wording may not provide the ideal language plaintiff seeks, it is indisputable that the documentation submitted by Whitney Brothers reflects . . . its net farm income, as reported to the IRS, increased, rather than decreased . . . .").

Plaintiff's complaint alleged that the USDA's determination was incorrect because "if you look at our *gross income* figure on line 11, of schedule F, form 1040 (1065) in 2003, we took in $259,231.00 and in fiscal year 2004, we only took in $131,368.00 or a drop of $127,863.00."  (Compl. ¶ 3 (emphasis added).)  Congress, however, requires, *inter alia*, that in order to qualify for agricultural TAA benefits a producer's net *farm* income—and not its *gross* income—is the statutory preference for measure of income that triggers benefits.  *See* 19 U.S.C. § 2401e(a)(1)(C).  Moreover, the statute expressly

grants the Secretary of Agriculture the authority to define "net farm income." *Id.* ("The producer's net farm income (as determined by the Secretary) . . . ."). The USDA, in turn, promulgated regulations that defined "net farm income" as "net farm profit or loss . . . reported to the [IRS] for the tax year that most closely corresponds with the marketing year under consideration." 7 C.F.R. § 1580.102. This definition has been upheld by the U.S. Court of Appeals for the Federal Circuit. *See Steen v. United States*, 468 F.3d 1357, 1362–63 (Fed. Cir. 2006). Additionally, Plaintiff does not challenge the USDA's definition of net farm income. (Pl. Resp. Br. 5 & 6.) Based on the submitted financial information, the USDA found that Plaintiff's net farm income in 2003 was a loss of $141,252 and its 2004 net farm income was a loss of $109,018. (*See* Def.'s Br. 8.) The Agriculture TAA statute and rules provide that benefits will be provided to farmers whose "net farm . . . income was less than that during the producer's pre-adjustment year." 7 C.F.R. § 1580.302(e)(4); 19 U.S.C. § 2401e(a)(1)(C) ("The producer's net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part."). As a result the agency rejected Whitney Brothers's application for TAA funds because it could not certify a decrease in reported income from 2003 (the baseline pre-adjustment year) to 2004. (*See* Conf. AR at 2 & 3; AR at 37.)

The main thrust of Plaintiff's argument is that in determining its net farm income, the USDA failed to conduct a "reasonable inquiry" because it "ignored the non-recurring deductions that went into the [net farm income] calculation." (Pl. Resp. Br. 11.) Plaintiff reasons that the USDA's mere scanning of a "single line" of Plaintiff's tax returns to ascertain its net farm income, did not satisfy the agency's obligation to make a "reasonable inquiry" and is thus "per se invalid." (Pl. Resp. Br. 9–11.) Plaintiff contends that the USDA is required to go beyond this "single line" comparison of Plaintiff's tax returns and must determine its "true" net farm income. (Pl. Resp. Br. 5, 9, 14, 15.) As support, Plaintiff cites to several decisions of this court for the proposition that the USDA "must look beyond a plaintiff's tax return in determining net income." (Pl. Resp. Br. 10 n.5. (*citing, e.g., Dus & Derrick, Inc. v. U.S. Sec'y of Agric.*, 31 CIT __, __, 469 F. Supp. 2d 1326, 1337 (2007); *Lady Kim T, Inc.*, 30 CIT at __, 469 F. Supp. 2d at 1267–68; and *Van Trinh v. U.S. Sec'y of Agric.*, 29 CIT __, __, 395 F. Supp. 2d 1259, 1268 (2005))). Plaintiff also argues that the only Federal Circuit decision on point, *Steen*, 468 F.3d at 1363, supports this rule, as well as USDA regulation 7 C.F.R. § 1580.301(e)(6). (*Id* at 10.)

Defendant counters that this "reasonable inquiry" requirement is misplaced in light of the statutory language and regulatory definition of net farm income. (Def.'s Reply Br. 3, 6–8.) Nowhere in the statute is the agency required to conduct an "ad hoc"

examination into the hardships faced by Whitney Brothers  (Def.'s Reply Br. 4.)  Indeed,

Defendant states, the regulations only require "a comparison of net income as reported

to the IRS."  (*Id.*)  Defendant explains that Plaintiff's reliance on the "reasonable

inquiry" requirement stems from a fundamental "confus[ion]" between the "two

different statutes—one pertaining to the Department of Labor ("Labor") [19 U.S.C.

§§ 2271–2298] and another pertaining to the USDA [19 U.S.C. §§ 2401–2401g]."  (Def.'s

Reply Br. 6.)  Although 19 U.S.C. § 2401–*et seq,* furnishes the USDA with a duty "to

investigate *group certifications*, it creates no such duty for *individual applications.*"  (Def.'s

Reply Br. 7 (emphasis supplied) (*comparing* 19 U.S.C. § 2401a(a) (mandating

"investigation" of petitions for group certification) *with* 19 U.S.C. § 2401e (enumerating

required "conditions" for individual applicants).)  Furthermore, the cases that Plaintiff

relies on for support of a "reasonable inquiry" requirement rely upon interpretations of

the Labor TAA statute, which, in contrast, includes an obligation to investigate.[9]  (Pl.

Resp. Br. 6, 7, & 10 n.5); *see also* 29 C.F.R. § 90.12 (2007) (Labor "shall initiate . . . such

investigation" in order "to marshal all relevant facts to make a determination on the

---

[9]For example the court in *Van Trinh,* cited by Plaintiff, was grounded on case law that itself interpreted the Labor TAA statute.  *Van Trinh,* 29 CIT at __, 395 F. Supp. 2d at 1268 (*citing Former Employees of Sun Apparel v. U.S. Sec'y of Labor,* 28 CIT 1389, 1398 (2004) (*quoting Fmr. Employees of Chevron Prods. Co. v. U.S. Sec'y of Labor,* 26 CIT 1272, 1274, 245 F. Supp. 2d 1312, 1318 (2002))).  The *Van Trinh* court, though analyzing Labor TAA case law for use in the Agriculture TAA realm, cautions that the case law is likely "not analogous" but is nevertheless "instructive."  *Id.*

petition"). To date, no court has ruled on the specific legal distinction drawn above and advanced by the USDA. *See, e.g., O'Toole v. Sec'y of Agric.,* 31 CIT __, __, 471 F. Supp. 2d 1323, 1341 n.32 (2007) (noting that the court has not squarely addressed this issue).

As a preliminary matter, this Court confines its review of USDA determinations to the record before it. 28 U.S.C. § 2640(c); *Defenders of Wildlife,* 25 CIT at 1315, 177 F. Supp. 2d at 1342–43; *Int'l Union v. Reich,* 22 CIT 712, 716, 20 F. Supp. 2d 1288, 1292 (1998). Following a careful analysis of the record and the case law, this Court concludes that it need not reach the issue of whether there exists an "extra-statutory threshold of reasonable inquiry" under the Agriculture TAA statute. *O'Toole,* 31 CIT at __, 471 F. Supp. 2d at 1342. Because it is clear that on this record the only financial documents submitted by Plaintiff were its 2003 and 2004 Schedules F, the Court holds that the USDA's determination is unequivocally supported by "substantial evidence" and is in accordance with the law. *See Steen,* 468 F.3d at 1360 (affirming the trial court's judgment upholding USDA's denial of TAA application because plaintiff failed to show that his net income decreased from the pre-adjustment year to the marketing year); *see also Lady Kim T, Inc.,* 30 CIT at __, 469 F. Supp. 2d at 1267 n.6 ("It should be noted, that the Court does not suggest that in reaching a determination, the [USDA] need conduct an independent exploratory investigation into the net income of the producer. In conformity with the statutory and regulatory scheme, the [USDA] need rely only on the

information submitted to it by the producer.")

The USDA regulations provide that a TAA applicant,

shall provide either—(i) Supporting documentation from a certified public accountant or attorney, or (ii) Relevant documentation and other supporting financial data, such as financial statements, balance sheets, and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency.

7 C.F.R. § 1580.301(e)(6).  Plaintiff had until the filing deadline (September 30) to furnish substantiating documents supporting certification that its net farm income in 2004 was less than that of its pre-adjustment year (2003).  Plaintiff only submitted to the USDA copies of its 2003 and 2004 Schedules F; there were no balance sheets, other financial statements, or documents from a certified public accountant or attorney.  (Conf. AR 2 & 3; Compl. Ex. 3 & 4; *see* 7 C.F.R. § 1580.301(e)(6).)  To be sure, this is not a case where Plaintiff has submitted other or additional financial information and the agency ignored or otherwise refused to account for such submissions in determining the applicant's net farm income.[10]  Indeed, Plaintiff has not argued that there is any other financial information that it seeks to have supplemented to the record.  (Pl. Resp. Br. 17; *see generally* Compl.)  The Federal Circuit makes clear that USDA's determination of net

---

[10]*See, e.g., Wooten*, 30 CIT at __, 414 F. Supp. 2d at 1316 (granting motion to supplement the record where Schedules F from relevant tax returns were missing); *Anderson*, 31 CIT at __, 493 F. Supp. 2d at 1290 (though plaintiff's tax returns showed an increase in net fishing income, plaintiff had submitted "other supporting information" that evidenced a decline; USDA should have considered this data).

farm income is "not to be made solely on the basis of tax return information *if other information is relevant* to determining the producer's net income from all farming or fishing sources." *Steen*, 468 F.3d at 1363 (emphasis added); *see also Dus & Derrick, Inc.*, 31 CIT at __, 469 F. Supp. 2d at 1338 ("[T]he agency may not rely solely on the information contained in plaintiff's tax return *when other information is available*.") (emphasis added). Here, Plaintiff submitted only the Schedules F as evidence of its net farm income. The USDA considered all that Plaintiff submitted and determined net farm income from the record in toto, honing in on the applicant's "net farm profit or loss, excluding [TAA] payments . . . [as] reported to the" IRS.[11] 7 C.F.R. § 1580.102. On this point Defendant notes that the USDA's "calculation of each producer's net income is fairly complex" and that "the line item that USDA looked to in this case, taxable

----

[11]Plaintiff also argues that, though a one line comparison of its tax returns gives the appearance that its "net farm income increased," the USDA's rote reliance on its submitted tax returns "fail to take into account deductions that distorted its net farm income." (Pl. Resp. Br. 13.) On closer analysis, they argue, had the USDA accounted for an $82,655 deduction for restoration of its irrigation system, its base year (2003) net farm income would actually show a loss of $58,597 and not a loss of $141,252, thus qualifying Plaintiff for TAA benefits. (*Id.* at 13–14.) This Court, however, need not credit this argument having already determined above that Plaintiff, on this record, can not certify that its net farm income (as defined by statute and regulation) decreased from 2003 to 2004. Moreover, had Plaintiff desired the USDA to consider this "one-time, non-recurring deduction" as something different from how it was reported to the IRS, Plaintiff should have submitted supporting documentation and raised it at the agency level as this pertinent information was solely in its own hands. *Cf. Kandra v. United States*, 145 F. Supp. 2d 1192, 1208 (D. Or. 2001) ("it is presumed that agencies have used the best data available unless those challenging agency actions can identify relevant data not considered by the agency").

income, is the product of various calculations based upon other line items in the tax return." (Def.'s Reply Br. 8 & n.1.) Therefore, on this record, this Court finds that the USDA's determination was reasonable and supported by substantial evidence. *See Steen*, 468 F.3d at 1360 (affirming the trial court's judgment upholding USDA's denial of TAA application because plaintiff failed to show that his net income decreased from the pre-adjustment year to the marketing year). Significantly, this is not a case where the USDA's "chosen methodology is so marred that [its] finding is arbitrary or of such a nature that it could not be based on substantial evidence." *Van Trinh*, 29 CIT at __, 395 F. Supp. 2d at 1269 (*quoting Former Employees of Galey & Lord Indus. v. Chao*, 26 CIT 806, 808-09, 219 F. Supp. 2d 1283, 1286 (2002)); *see also* 19 U.S.C. § 2395(b) (The CIT "for good cause shown" may remand the case to the USDA to "take further evidence.").

## CONCLUSION

Though not unsympathetic to the Plaintiff's difficult economic circumstances, this Court is nonetheless simultaneously guided by, and constrained to act within, the law. Therefore, for the foregoing reasons, Defendant's motion is granted; this Court holds that the USDA's determination of Whitney Brothers's ineligibility for Agriculture TAA benefits is supported by substantial evidence and is otherwise in accordance with

the law.  The USDA's determination is affirmed and Plaintiff's case is dismissed.  This

Court will enter judgment accordingly.


                                      <u>/s/ Gregory W. Carman</u>
                                            Gregory W. Carman

Dated: November 6, 2007
      New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| Whitney Brothers, Inc., |
| *Plaintiff,* |
| v. |
| United States Secretary of Agriculture, |
| *Defendant.* |

**BEFORE: GREGORY W. CARMAN, JUDGE**

Court No. 06-00426

**JUDGMENT**

Upon due consideration of Defendant's Motion for Judgment Upon the Agency Record, Plaintiff's Response thereto, Defendant's Reply thereto, and all other papers filed and proceedings in this action, it is hereby,

**ORDERED** that Defendant's denial of Plaintiff's application for Trade Adjustment Assistance for Farmers benefits for the fiscal year 2006 is affirmed; and it is further,

**ORDERED** that this case be dismissed.

**SO ORDERED.**

  /s/ Gregory W. Carman  
Gregory W. Carman

Dated: November 6, 2007
     New York, New York